576

UNITED STATES of America ex rel.
Albert KELLER

v.

David N. MYERS, Superintendent, State
Correctional Institution, Graterford,
Pennsylvania, Pennsylvania State Board
of Parole.

Misc. No. 2859.

United States District Court
E. D. Pennsylvania.

Dec. 8, 1964.

Albert Keller, in pro. per.

BODY, District Judge.

Albert Keller has filed a petition which he calls "Sur Petition for a Writ of Mandamus (Habeas Corpus Action)" which this Court will consider as a habeas corpus petition. The petitioner sets forth many allegations including that he was sentenced to not less than two years and not more than ten years for voluntary manslaughter on May 28, 1956; that he was released on parole on November 15, 1956; that he was committed for a violation of parole in 1958 (no day and month given); that he was again paroled on *April 22, 1962*, and that he was recommitted on *October 12, 1961* for a violation of parole. Obviously these dates are inconsistent for he is presently in confinement.

Further, he avers that his maximum sentence for parole violation is April 27, 1965, according to the information that he has received from the Pennsylvania Board of Pardons. He contends that this is error and that it exceeds his maximum by six months and seventeen days. This too must be erroneous for ten years from the date of sentence would be May 27, 1966.

Petitioner then avers that he filed a petition with the Court of Common Pleas of Philadelphia County, and up to this time he has not received a reply to his correspondence to the judge of his case, nor has there been an adjudication rendered on the petition.

Mr. Keller further avers that he filed a petition for a writ of mandamus with the Supreme Court of Pennsylvania, and attached a copy of the letter of the Prothonotary of that court dated August 24, 1964 which states, inter alia:

"* * * I am returning your Petitions herewith for the reason that you must await the decision of the Court below in this matter."

There is no point in reciting any further facts alleged for the petition on its face indicates that petitioner has filed a writ of habeas corpus in the Court of Common Pleas of Philadelphia County and that the final decision is awaited. Accordingly, state remedies have not been exhausted.

Writ denied without prejudice.